IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRYANT DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-0970-LKG |
| v. ) | |
| ) | Dated: March 6, 2025 |
| FREDERICK ABELLO, *Warden*, ) | |
| SIMON WAINWRIGHT, *Warden*, ) | |
| D. SMITH, *Lieutenant*, and ) | |
| ADAMS, *Lieutenant* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

Self-represented plaintiff Bryant Davis, a state inmate currently confined at Western Correctional Institution ("WCI"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Pursuant to this Court's Order, ECF No. 5, Davis filed an Amended Complaint alleging that defendants Frederick Abello, Warden of the Baltimore Central Booking and Intake Center ("BCBIC"); Simon Wainwright, Warden of Metropolitan Transition Center ("MTC"); Lt. Darall Smith, Sr.; and Lt. Adam Harry prevented him from using the phone and mail thereby interfering with his ability to review discovery in a civil matter and hire an attorney for this criminal case.[1] ECF Nos. 6; 6-2 at 4-7. Davis seeks monetary damages. ECF No. 6 at 5.

In response to the Complaint, Defendants filed a Motion for Summary Judgment.[2] ECF No. 22. Davis was advised of his right to file an opposition response to Defendants' motion and of the consequences for failing to do so. ECF No. 23. To date, Davis has not filed a response in opposition to Defendants' Motion.[3] The Court has reviewed the pleadings and finds a hearing

---

[1] The Clerk shall be directed to amend the docket to reflect the correct names of the Defendants.
[2] Service was not accepted for defendant Simon Wainwright, as he is no longer employed by the Department of Public Safety and Correctional Services ("DPSCS"). However, the Complaint shall be dismissed against him for failure to state a claim pursuant to 28 U.S.C. 1915A(b) for the reasons set forth below.
[3] Davis filed a Motion for Appointment of Counsel after Defendants filed their Motion. ECF No. 29. The Motion was denied; however Davis was provided with additional time in which to file an opposition response as well as a

unnecessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Defendants' motion shall be **GRANTED**.

### I.   Background

Davis claims that he was prevented from seeing his attorneys and reviewing discovery in a pending civil matter while he was at MTC. ECF Nos. 6 at 5; 6-1. He further alleges that he was unable to receive legal mail from his attorney while at BCBIC and that Lt. Smith brought his mail "already opened" rather than opening it in front of him according to policy. ECF No. 6-1 at 2. Davis states that his attorneys mailed him documents three additional times which he did not receive. *Id.* at 3. Beginning in September of 2020, Davis claims that he began finding copies of his legal mail on his bed when returning to his cell. *Id.* On October 7, 2020, Davis contacted Governor Larry Hogan's office via a three-way call regarding the problems with his mail. *Id.* Soon thereafter, Lt. Adams gave Davis a rules violation notice for making the three-way call. *Id.* at 4. As a result, Davis lost phone privileges for thirty days. *Id.* While his phone privileges were to be restored on November 5, 2020, Davis was prevented from using the phone until the end of February, 2021. *Id.* Due to the phone restrictions, he was unable to obtain new counsel for a sentencing hearing in his criminal case as ordered by the judge. *Id.* Davis ultimately appeared in court for his sentencing without counsel. *Id.* at 5. Davis alleges that the Wardens engaged in a "concerted effort" with other prison officials to "deny [him] the right to view the State's evidence," his "ability to use [the] phone was maliciously denied," and consequently he had to proceed in court without an attorney. *Id.* at 6-7.

Defendants assert that Davis failed to properly exhaust administrative remedies; they are entitled to immunity pursuant to the Eleventh Amendment; Defendants are not subject to suit under 42 U.S.C. § 1983; Davis has not adequately alleged the personal participation of Warden Abello and Lt. Harry; and Defendants are entitled to qualified immunity. ECF No. 22.

### II.   Standard of Review

a.   <u>Federal Rule 12(b)(6)</u>

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have

---

second copy of Defendants' Motion. ECF No. 36. Days later, Davis filed correspondence inquiring about the status of his case. ECF No. 37. He has filed nothing further.

pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

3

b. Conversion

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015); Fed. R. Evid. 201(b). When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Court notified Davis that he had the right to respond to Defendants' Motion, that the Motion could be construed as a motion for summary judgment, and that if he did not file a timely and adequate response, the Court could rule in Defendants' favor. ECF Nos. 22, 23. Moreover, the Defendants' Motion, which identifies summary judgment as possible relief, provided sufficient notice for Davis to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). Although Davis has not opposed the Motion, the Court is satisfied that he has been advised that Defendants' Motions could be treated as motions for summary judgment and that he has been given a reasonable opportunity to present materials in response to the Motions. The Court will resolve the Motion under Rule 56 if appropriate.

c. Federal Rule 56

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

### III. Analysis

#### A. Personal Participation and Supervisory Liability

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Davis alleges that "the Wardens" engaged in "concerted effort" to deny him the right to view evidence in his criminal trial, however he provides no factual support for this contention. ECF No. 6-1 at 6. However, he alleges no facts to show that either Warden knew about his

5

difficulties with his mail and telephone or that they were personally involved in preventing him from accessing the mail and telephone. Likewise, he does not allege any supervisory liability on the part of either Warden. Therefore, Warden Abello's Motion, construed as a Motion to Dismiss, shall be granted. Although he has not been served, the Complaint against defendant Warden Wainwright shall be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

### B. Exhaustion of Administrative Remedies

Defendants raise the affirmative defense that Davis has failed to exhaust his administrative remedies. ECF No. 22-1 at 6. If Davis's claims have not been properly presented through the administrative remedy procedure they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. Appx. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Nevertheless, a claim that has not been exhausted may not be considered by this Court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust.

*Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). But the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). In *Ross v. Blake*, 578 U.S. 632 (2016), the Supreme Court rejected a "freewheeling approach to exhaustion as inconsistent with the PLRA." *Id.* at 635. In particular, it rejected a "special circumstances" exception to the exhaustion requirement. *Id.* But, it reiterated that "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 636. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008).

The Supreme Court stated in *Ross* that an administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" 578 U.S. at 642 (quoting *Booth*, 532 U.S. at 738). Thus, an inmate must complete the prison's internal appeals process, if possible, before bringing suit. *See Chase*, 286 F. Supp. 2d at 529-30. As a prisoner, Turner is subject to the strict requirements of the exhaustion provisions. *See Porter v. Nussle*, 534 U.S. at 528 (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth*, 532 U.S. at 741.

The *Ross* Court outlined three circumstances when an administrative remedy is unavailable and an inmate's duty to exhaust available remedies "does not come into play." 578 U.S. at 643. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* at 643-44. The third circumstance arises when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

In support of their argument that Davis failed to exhaust his administrative remedies, Defendants submitted the Declaration of Kenisha R. Jackson, Director of Standards, Compliance, and Litigation for DPSCS. ECF No. 22-2. Jackson outlines the four-step grievance procedure in place for pre-trial detainees at BCBIC as follows: 1) detainee files a Resident Complaint Form within 15 calendar days of the incident giving rise to the complaint, and the Resident Grievance Office is to respond within 20 working days; 2) detainee files a Motion for Grievance Committee on a Step II form; 3) detainee files a Motion to Appeal to Warden on a Step III form within three working days of the Step II decision; and 4) detainee files a Motion for Appeal to the Assistant Commissioner on a Step IV form within three working days of the Step III decision. *Id.*

Jackson declares:

> I have reviewed the records of the Resident Grievance Office for complaints filed by Plaintiff, Bryant Davis. Our records reflect that the Resident Grievance Office has no record of a grievance filed by Mr. Davis complaining about his legal mail being tampered with and/or withheld from him. Nor have we received a grievance from Mr. Davis complaining about being denied the ability to use the phone after he completed his 30 day suspension of phone privileges.

ECF No. 22-2 at 2-3. Because Defendants have presented unrefuted evidence that Davis did not pursue any administrative remedies with regard to the claims presented in the Complaint,

they are entitled to summary judgment. As such, Davis's claims against Defendants Smith and Harris shall be dismissed without prejudice.[4]

### C. Motion for Preliminary Injunction

Davis filed a Motion for Preliminary Injunction stating that the correctional officers in the intelligence unit at JCI were preventing him from using the telephone. ECF No. 18. He states that he filed Administrative Remedy Procedure ("ARP") complaints, but nothing was done. *Id*. at 1-2. Davis requests a "preliminary injunction against these Defendants as the prevention of my right to hire a[n] attorney which I can pay for in retaliation for filing this lawsuit and others is unconstitutional and is 'deliberate indifference.'" *Id*. at 2.

Because a preliminary injunction temporarily affords an extraordinary remedy prior to trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted); *see also Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (noting that Fourth Circuit's prior test of balancing the factors is no longer good law in light of *Winter*). Here, Davis does not address any of the four *Winter* factors, nor does he specify what specific injunctive relief he seeks. Moreover, his Motion addresses problems he is encountering at JCI whereas the instant Complaint sues personnel at BCBIC and MTC regarding telephone and mail use at those facilities. If Davis believes his constitutional rights are being violated at JCI, he may file a separate suit to address those issues. The Motion for Preliminary Injunction is denied.

---

[4] *See Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal without prejudice for failure to exhaust); *see also Moss v. Harwood*, 19 F.4th 614, 623, n.3 (4th Cir. 2021) (affirming dismissal for failure to exhaust administrative remedies is dismissal without prejudice); *Germain v. Shearin*, 653 F. App'x 231, 234–35 (4th Cir. 2016) (affirming dismissal but modifying to be without prejudice to plaintiff's right to refile when administrative exhaustion is complete).

## IV.  Conclusion

By separate Order which follows, Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment shall be **GRANTED** and Davis's Motion for Preliminary Injunction be **DENIED**.

March 6, 2025
Date

LYDIA KAY GRIGGSBY
United States District Judge